## VALIDITY OF A MORTGAGE COVERING AUTOMOBILE OF AN INSOLVENT.

Common Pleas Court of Franklin County.

DAVID E. EVANS, TRUSTEE, v. HOTEL GARAGE CO. AND CAREY SHORT.

Decided, December 21, 1918.

*Bankruptcy—Trustee Can Not Recover by Replevin in a State Court—Property of the Bankrupt Held Under a Chattel Mortgage, When—Elements which Must be Shown to Render a Mortgage Invalid—Four Months Period Runs from Adjudication—Jurisdiction Where Property Claimed to Belong to a Bankrupt is Involved.*

1. An action in replevin does not lie for recovery of property belonging to a bankrupt but held by a creditor under a chattel mortgage, where there are no facts averred by the trustee going to show that the mortgage was intended as a preference, or which afford reasonable ground for belief on the part of the mortgagee that he was to receive a greater percentage on his claim than other creditors,

and the execution of the mortgage occurred more than four months prior to the adjudication in bankruptcy but the recording of the mortgage was within the four months period.

2. Jurisdiction in such a case is in the federal and not in the municipal or state courts.

*F. M. McCartney,* for plaintiff.
*C. S. Druggan, contra.*

KINKEAD, J.

Plaintiff as trustee in bankruptcy of Edward J. Gould brought action in replevin in municipal court to recover an automobile from defendant Short who claims possession under a chattel mortgage.

1. On November 1, 1917, Gould executed the mortgage to Short.

2. On August 7, 1918, the mortgage was filed for record.

3. On September 25, 1918, Gould filed his petition in bankruptcy.

4. On October 5, 1918, Short took possession of the car and placed it in the possession of the Hotel Garage Company.

5. On the 7th of October, 1918, Gould was adjudged a bankrupt.

The petition merely alleges appointment of plaintiff as trustee, and as such owns and is entitled to possession of the machine, praying for judgment of recovery.

The answer and cross-petition sets up fully the facts concerning the note and mortgage.

The reply alleges the filing of the bankruptcy on September 25, 1918, "less than four months after filing and registration of said chattel mortgage with the recorder of Franklin county," and that the automobile was turned over to the mortgagee October 7, 1918.

Who is entitled to the automobile?

The mortgage which the bankruptcy condemns and renders voidable is one which constitutes either a *preference* or one which is invalid under state law, or one made to defraud creditors.

A mortgage, otherwise valid, may be avoided as a lien because it constitutes a preference in bankruptcy. Such mortgages are

rendered invalid under the bankrupt law simply because the statute makes them voidable. They are valid between the mortgagee and the bankrupt. The mortgage may be declared voidable if given by an insolvent person, when the effect is to give a greater percentage to one creditor than another, and the creditor receiving the mortgage had reasonable cause to believe that it was intended to give a preference. Lastly, it must have been made within four months before filing the petition in bankruptcy or after filing the petition and before the adjudication.

If any element of the combination is wanting, the mortgage being valid under the state law, there is no infringement of the bankrupt law. *Loveland on Bankruptcy,* Section 197*b*.

Under Section 9587, U. S. Compiled Statutes, the giving of a mortgage by a person as a preference, while he is insolvent and with intent to prefer, is an act of bankruptcy and gives creditors a right within four months after the commission of such act or acts of bankruptcy to file a petition against the debtor.

The four months' time specified by statute within which a mortgage may be declared voidable as a preference does not expire until within four months after the date of the recording or registering of the transfer, when the act consists in having made a transfer with intent to *hinder* or *delay* creditors, or *for the purpose of giving a preference.* Section 9587.

When the mortgage is valid by state law, in the state court in such proceeding no legal presumption of intent to prefer can be indulged in.

The petition merely avers that plaintiff is trustee in bankruptcy for Gould, bankrupt, and as such is entitled to the automobile. In response to defendant's claim of mortgage, the plaintiff alleges that Gould filed his petition in bankruptcy on the 25th of September, 1918, less than four months after the filing or the registration of the chattel mortgage.

It is not alleged that Gould transferred his property with intent to hinder, delay or defraud his creditors, nor that he transferred the automobile with intent to prefer such creditor over others.

But the fact that Gould filed petition in bankruptcy is sufficient to show that he had creditors. The fact that he gave a chattel

mortgage standing alone without other facts is not sufficient to disclose an intent to give preference within the purview of the bankrupt law. "Less than four months after the filing and registration of said chattel mortgage," etc., as found in the reply of plaintiff is a mere legal conclusion, and not the statement of any fact, and can not be so regarded.

The cross-petition of Short, however, supplies the *fact* of date of registration as August 7, 1918. Nowhere in the pleadings of the parties is the date of the adjudication stated. It is found in defendant's brief, but not in the pleadings. It does not appear in the reply of plaintiff. Plaintiff fails to aver facts showing the mortgage to have been intended to be a preference. He fails to show facts that disclose a reasonable cause on the part of Short to believe he was to obtain a greater per cent. than any other creditor. *Loveland on Bankruptcy,* Section 194c.

Though the giving of a chattel mortgage, or the placing of same on record within four months from the filing of the petition, may be considered an act of bankruptcy and furnish ground for filing an involuntary bankrupt petition, and lay the foundation for the bankruptcy court to declare it void, still the fact is to be taken into consideration in a state court that the lien which the trustee in bankruptcy has does not arise until *adjudication in bankruptcy.* The lien which the trustee has is considered as holding, must be a lien attaching as of that date. There can be no ground for saying that the lien is in existence before the bankruptcy. *Big Four Implement Co.* v. *Wright,* 207 Fed., 535; *Remington on Bankruptcy,* p. 1124.

This court can not say that this mortgage as a lien in the Gould bankruptcy was intended to be a preference and that Short knew it, or had reasonable grounds for believing it to be so.

In *Dougherty* v. *Bank,* 28 A. B. Rep., 263, it is held by Sater, J., that:

"The validity of a chattel mortgage  *  *  *  given by a bankrupt to a bank as security, must be determined as of the date of its execution; and where it was given in good faith and valid when executed, and *neither preferential* or fraudulent, under state law, because withheld from record, the fact that it was not filed within four months of the bankruptcy proceedings does

not make it invalid under Section 60a of the bankruptcy act as amended in 1903.'' See also *In re S. D. F. & Mfg. Co.*, 208 Fed., 813; *In re Anderson,* 41 A. B. Rep., 731.

A trustee in bankruptcy acquires only a general lien by his appointment. He becomes vested with all rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings, as to property in the custody of the court. The law simply places the trustee in the position of a creditor who has reduced his claim to judgment, whose rights with respect to specific property are subject to all latent or secret liens or equities in favor of third persons. U. S. Comp. St., Supp. 1911, p. 1500; *In re S. P. Forge & Mfg. Co.,* 208 Fed., 813.

Furthermore plaintiff has not pursued the proper remedy. The parties could and should have invoked the jurisdiction over this matter in the federal court. It can not be determined in replevin in the municipal court, then on appeal to this court.

The demurrer to the cross-petition is overruled; and searching the record it is sustained as to plaintiff's petition and reply.

Plaintiff's action is ordered dismissed.